[Cite as *Worthington v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3750.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID WORTHINGTON

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2008-01383

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶ 1} Plaintiff brought this action alleging negligence. After a trial on the issue of liability, the court rendered judgment in favor of plaintiff. The case then proceeded to trial on the issue of damages.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the North Central Correctional Institution (NCCI) pursuant to R.C. 5120.16. On January 25, 2007, while plaintiff was working as a clerk for a corrections sergeant, a wall-mounted shelving unit fell and struck plaintiff's head and right shoulder. Plaintiff testified that approximately one-half hour later his shoulder began to throb and felt as if it were "on fire" and as if "a nail" were being driven into his shoulder. Plaintiff testified that he then visited the NCCI infirmary, where a nurse examined him and gave him a mild pain reliever, analgesic balm, and an ice pack for his shoulder. Plaintiff testified that a doctor examined him some time thereafter and prescribed a stronger analgesic similar to Vicodin for approximately two weeks. According to plaintiff, the pain in his shoulder persisted, and as a result, he had numerous consultations with orthopedic

specialists, and MRI tests. Plaintiff underwent surgery at The Ohio State University Medical Center on March 26, 2008.

{¶ 3} Plaintiff testified that he also suffered an injury to his right shoulder in the summer of 2004 while playing baseball at NCCI. Plaintiff stated that he was examined by doctors and subsequently underwent MRI tests. According to plaintiff, that injury left him unable to lift his right arm above his shoulder. Plaintiff testified that after the 2004 injury, and before the 2007 incident, the pain in his shoulder was dull and would "come and go," whereas after the 2007 incident it was more severe and was a "constant ache." Plaintiff stated that the pain was especially bad in the morning but that it could be moderated with over-the-counter pain medications such as ibuprofen.

{¶ 4} In addition to his own testimony, plaintiff submitted his voluminous inmate medical record. Plaintiff points to several documents in the record as evidence of specific types and varying severity of injuries he suffered as a result of the shelving unit hitting him on the shoulder. However, plaintiff did not present any expert testimony to explain the meaning of the various notations contained in the documents in the record. As such, the court is unable to determine a specific injury proximately caused by the shelving unit hitting him. Additionally, the court is unable to determine if the pain plaintiff has experienced since the surgery is a result of the shelving unit striking him or a result of the 2004 injury or the 2008 surgery itself.

{¶ 5} However, the court is convinced that the impact of the shelving against plaintiff's right shoulder caused a significant increase in the level of pain that he had experienced prior to the incident. Therefore, the court finds that plaintiff is entitled to judgment in the amount of $7,000 for the increased pain he experienced between January 25, 2007, and March 26, 2008, the date of the surgery on his shoulder.

{¶ 6} Based upon the foregoing, judgment is recommended in favor of plaintiff in the amount of $7,025, which includes the $25 filing fee.

*A party may file written objections to the magistrate's decision within 14 days of*

*the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal*

*conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed July 26, 2010
To S.C. reporter August 11, 2010